Caldwell, J.
The Arcade Tea Company v. Julius Glueck, and F. J. Bates v. The Cleveland Fixture Company are both disposed *280 of in the same way although they are two separate and distinct cases. The legislature at its last session passed an act providing that the court o£ common pleas could transfer any case brought into that court by appeal from the justice of the peace to the insolvency court to be tried in the insolvency court. Now, that part of the statute conferring upon the court of common pleas authority to do that is called into question as to whether or not it is constitutional.
It is claimed that this question has been decided by the the circuit court of Butler county, in the case of Gill v. Sealbridge, 17 C. C. 390, and what that court has said about it, I will read which is better than for me to state it; and the statute there involved precisely the same question, although that pertained to the probate court.
I am reading from the 17th Ohio Circuit Court Reports, 390.
“Section 2nd of this statute attempts to confer upon the court of common pleas, of Butler county the right and jurisdiction to transfer to the probate court of the county all cases then pending in said common pleas court on appeal from justices of the peace, or which might thereafter be appealed to said court, and to confer jurisdiction on said last named court to hear and determine the same. It is expressly held in the case Kelly v. The State, 6 Ohio St., 269, that any law which relates to and regulates the jurisdiction of the court of common pleas is a law of a general nature, and must by the terms of another section of the constitution have a uniform operation throughout the state. It is clear that this section of the law under discussion does not do so. It anplies only to Butler county, and no other court of common pleas in the state has the right or authority to transfer cases pending in that court to a probate court for trial,and we are of the opinion therefore that this whole section is invalid, and that the court of common pleas had no right to transfer this case to the probate court, and con'aequently that the probate court had no right or jurisdiction to try it, and that its action was a nullity.”
The only principle involved in it is that any law that *281 regulates the duties of the court of common pleas of the state is a law of a general nature, and such a law must have uniform operation throughout the state, and that this law for Butler county did not give such operation, and that, therefore, so far as a local law undertook to confer authority upon the court of common pleas, it was q nullity — it was unconstitutional. The same reasoning precisely applies to the question involved in these two cases, The statute gave the common pleas court authority to transfer any appeals, and errors also, that might come into that court from the justices of the peace courts, to the insolvency court, and there to be tried; and if the Butler county law is unconstitutional, this certainly is, and we see no error in Judge Smith’s reasoning in his opinion, and we therefore follow it; and that being true — the law being unconstitutional, the act under that law, of the common pleas court in transferring these two cases to the court of insolvency, was a nullity, amounted to nothing, and stands then as if it had never been done. That being true, the cases are still pending in the common pleas court, and the court of insolvency having obtained no jurisdiction over these cases, as a matter of course it follows that we have not jurisdiction, and the cases will both be dismissed here for want of jurisdiction. As to any other question.that might arise as to the jurisdiction of the insolvency court in other matters not involved in these cases, we say nothing about. One of these cases came into the court of common pleas on error, and the Tea Co. case and others came into court on appeal, That being true, they both could, under the law I refer to, and are both to be tried the same way. One is still pending in the court of common pleas on error,and the other is stilf pending there on appeal.